PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS RANGEL FRIAS, | ) | |
| | ) | CASE NO. 4:11CV1183 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ROBERT L. FARLEY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

      On June 9, 2011, *Pro se* Plaintiff Luis Rangel Frias, an inmate at the Federal Correctional Institution located in Elkton, Ohio ("FCI-Elkton"), filed the above-captioned action against Defendant Robert L. Farley, Warden of FCI-Elkton. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

      The Complaint (ECF No. 1) states in its entirety as follows:

> Plaintiff, LUIS RANGEL FRIAS, moves this Honorabel (sic) Court seeking relief with respect to vindicate the Plaintiff from suspicion, criticism, blame or doubt.
>
> The Plaintiff, LUIS RANGEL FRIAS continued confinement in administrative dtention (sic) (ELKTON FCI-SHU) violated his Fifth-Amendment procedural due process rights. Removal from general population has created liberty interest, and moreover, defendant had fair warning that it was unconstitutional to hold plaintiff in confinement for purpose of punishment (sic).
>
> The Plaintiff respectfully request this Honorable Court to order - ending confinement in punishment segregation staturs (sic), and Order to return LUIS RANGEL FRIAS to the general population.
>
> May this motion be GRANTED. Thank you very much.

(4:11CV1183)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability,

2

(4:11CV1183)

it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

Even liberally construed, the Complaint (ECF No. 1) does not contain allegations reasonably suggesting Plaintiff might have a valid claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief); *see also*, *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (absent allegations of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," segregation confinement does not give rise to procedural due process claim).

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

September 6, 2011      */s/ Benita Y. Pearson*
Date      Benita Y. Pearson
     United States District Judge

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

3